PATTERSON, Justice.
This is an appeal from a decree of the-Chancery Court of Clay County which admitted to probate the last will and testament of W. A. Wiley, deceased.
The appellants, the brother and nephew respectively of the testator, contested the probation of the will on the grounds that it had been revoked by the testator within; the meaning of Mississippi Code Annotated: section 658 (1956). From an adverse de *855 cree the contestants prosecute this appeal, assigning as error that the finding of the lower court, and the decree rendered therein, are contrary to the laws of the State of Mississippi. We affirm the decree admitting the will to probate.
The contestants contend that the testator by making interlineations, alterations and obliterations revoked his will and did not thereafter execute a new last will and testament, and as a result thereof he died intestate. No question is raised as to the authenticity of the will in its original form and the parties concede that the alterations were not sufficient in law to change the beneficiary of the will. The sole question, therefore, is whether the alterations were sufficient, when considered with the evidence, to revoke the will.
Mississippi Code Annotated section 658 (1956) provides as follows:
A devise so made, or any clause thereof, shall not be revocable but by the testator or testatrix destroying, canceling, or obliterating the same, or causing it to be done in his or her presence, or by subsequent will, codicil, or declaration, in writing, made and executed * * *.
The will admitted to probate is as follows :

It will be noted from the above that the testator wrote in the left margin of the will adjacent to paragraphs (a) and (b) the words “Clarence T. Wiley, Jr. this -.the 31, day of July 1962” and in paragraph (b) thereof the abbreviation “Jr.” was inserted after the name of Clarence T. Wiley, and in paragraph (c) the abbreviation “Jr.” after the name Clarence T. Wiley. The alterations depicted in the will, and mentioned *856 above, are entirely in the handwriting of the decedent and are those which the contestants allege are sufficient in their import to establish a firm intent on the part of the decedent to revoke his will.
The proponent of the will, as well as the contestants, offered extraneous evidence in an effort to arrive at the intent of the testator. The testimony of the wife of one of the contestants was that W. A. Wiley told her, “I have changed my will to Clarence Junior Wiley.”, and that “I used the old will so Clarence would know what he would have got had not he treated me as he had.” This conversation, according to the witness, occurred during the month of August 1962 some two years prior to the death of the testator on March 14, 1964.
The evidence of the proponent was to the effect that the decedent had resided with Clarence T. Wiley the entirety of his life; that he was living with Clarence at the time of his death. Clarence Wiley, Jr., a nephew of the deceased, testified that subsequent to the alteration of the will, but prior to his death, the testator gave him a savings account in the bank. The testimony of a disinterested witness, who had known the decedent the entirety of his life, related a conversation he had with the decedent some ten days or two weeks prior to his death, and that he was told by the decedent that “Shug” and “Jr.” would get everything he had when he passed on and that the testator, by reference to “Shug,” meant Clarence T. Wiley, and by reference to “Jr.” meant Clarence T. Wiley, Jr. The trial court, as is noted in its findings and opinion upholding the will, relied substantially upon the testimony of this disinterested witness.
It is apparent that a will may be revoked in whole or in part by virtue of Mississippi Code Annotated section 658 (1956). The general rule as to revocation of a will is set forth in McCormack v. Warren, 228 Miss. 617, 628-629, 89 So.2d 702, 706 (1956) as follows:
Revocation of a will is a matter of intent, except in those instances in which it occurs by operation of law from a change in circumstances subsequent to the execution of the will. Even in those cases, reference is often made to the so-called “presumed intent” of the testator. 57 Am.Jur., 322, Wills, par. 459.
“The intent to revoke is. essential to a revocation by act of the testator. In order that an act shall have the effect of revoking a will, the intention to revoke must appear clearly and unequivocally; a will is not revoked by any act of spoliation or destruction not deliberately done animo revocandi. * * * Even where one of the statutory methods for revoking a will is followed by the testator, his act is ineffectual unless his intent thereby to revoke or alter the will appears. The intent may he inferred from the nature of the act, or it may he shown by extrinsic evidence, hut it must in some competent way he made to appear. The mere act of canceling a will or a part thereof is of no legal effect, unless it is done animo revocandi. Even a mutilation of the will does not constitute a revocation where it appears that there was no intent to revoke.” (Emphasis ours.)
In applying this rule as to the intent to revoke, the trial court in upholding the will based its opinion upon the altered will and extrinsic evidence. From the record before us we are of the opinion that the trial court correctly applied the facts to the law, and we cannot say that he was in error as a matter of law or that he was manifestly wrong in his finding of fact.
We have carefully examined the record and the authorities submitted by counsel, and particularly the case of Swanson’s Estate, 74 Dist. & Co. R. 358 (Pa. 1948), and after deliberation have concluded that this case, though persuasive, is not applicable here, as the facts therein distinguish it from *857 the case at bar. We are of the opinion that the will, when viewed in the light of •the testimony adduced at the trial, did not reflect an intent on the part of the testator to revoke his will. We conclude therefore •that the cause should be affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, BRADY and INZER, JJ., concur.